UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:19-CR-291 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| ARTIS LAMAR GRAHAM, III, | |
| Defendant(s). | |

Presently before the court is defendant Artis Lamar Graham III's emergency motion for temporary release under 18 U.S.C. § 3142(i).  (ECF No. 29).  The United States of America ("the government") filed a response (ECF No. 31), to which defendant replied (ECF No. 32).

**I.    Background**

Defendant is committed to pre-trial detention and has since pled guilty to being a felon in possession of a firearm.  (ECF Nos. 33 & 34).  In ordering pre-trial detention, this court found that "no conditions or combination of conditions that the Court could fashion at this time to reasonably assure the defendant's future appearance in Court or to protect the community against the risk of danger posed by the defendant."  (ECF No. 16).  Defendant was on supervised release for felony robbery and drug convictions when he committed the instant offense; prior, he failures to appear and supervision violations.  (*Id.*).  On February 20, 2020, defendant filed a motion to reopen his detention hearing, citing his wife's willingness to serve as a third-party custodian and his workplace's willingness to employ him.  (ECF No. 20).  This court denied that motion, because none of those factors constituted new information—defendant lived with his wife and worked at the same company when he committed the instant offense.  (ECF No. 25).

**James C. Mahan**
**U.S. District Judge**

While defendant has been incarcerated, COVID-19 has run throughout the country. While the court need not reiterate the well-known effects COVID-19 has had on day-to-day life, certain populations are particularly at risk of "severe illness" from the virus: the elderly, asthmatic, immunodeficient, and people with HIV. *See* Center for Disease Control, *People Who Are at Higher Risk for Severe Illness*, (June 9, 2020).[1]

The CDC's list of at-risk persons has expanded, and new studies on COVID-19 vis-à-vis comorbidities continue to be promulgated. *Id.*; *see also*, *e.g.,* Xianxian Zhao, et al., *Incidence, clinical characteristics and prognostic factor of patients with COVID-19: a systematic review and meta-analysis* (March 20, 2020);[2] Safiya Richardson, et al., *Presenting Characteristics, Comorbidities, and Outcomes Among 5700 Patients Hospitalized With COVID-19 in the New York City Area* (April 22, 2020).[3]

Defendant moves this court for temporary release, citing the risk of COVID-19 at his facility and his unrelated need for treatment for PTSD. (ECF No. 29).

**II.    Legal Standard**

"A person lawfully committed to pretrial detention has not been adjudged guilty of any crime. He had only a judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest." *Bell v. Wolfish*, 441 U.S. 520, 536–37 (1979) (internal quotations omitted). The Court may detain someone on a federal offense to ensure his presence at trial and may subject him to the restrictions and conditions of detention so long as those conditions do not constitute punishment or otherwise amount to a constitutional violation. *Id.*

The Bail Reform Act of 1984 mandates that every person charged with a federal offense be given a detention hearing. 18 U.S.C. § 3142(a). If the Court finds the defendant poses a danger to public safety or a flight risk, the Court may order the defendant detained pending trial. 18 U.S.C. § 3142(f).

---

[1] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

[2] Available at https://www.medrxiv.org/content/10.1101/2020.03.17.20037572v1.full.pdf.

[3] Available at https://jamanetwork.com/journals/jama/fullarticle/2765184.

James C. Mahan
U.S. District Judge

- 2 -

Section 3142(i) permits a judicial officer to "permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Courts considering whether pretrial release is "necessary" under § 3142(i) have considered: (1) time and opportunity the defendant has to prepare for the trial and to participate in his defense; (2) the complexity of the case and volume of information; and (3) expense and inconvenience associated with preparing while incarcerated. *United States v. Cecrle*, 2014 WL 31674, at *4 (D. Nev. Jan. 3, 2014).

### III. Discussion

Although the situation surrounding COVID-19 is unprecedented, "defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation." *United States v. Boatwright*, No. 219CR00301GMNDJA, 2020 WL 1639855, at *6 (D. Nev. Apr. 2, 2020). As it stands, there are no hurdles for counsel in preparing defendant's case due to COVID-19. The appropriate technology exists, and since the start of this pandemic, has demonstrated its ability to work in this context.

Thus, this court examines whether defendant has a "compelling reason" for temporary release. *Id.*; § 3142(i). This court finds no such reason. Defendant presents no special risk due to COVID-19; he is a healthy 43-year-old man without conditions that make him susceptible to the virus. (ECF Nos. 29 & 31). Defendant's general statements regarding possible conditions at the Nevada Southern Detention Center, where defendant is confined, are not sufficient. (*Id.*). Furthermore, in reviewing the record, this court finds that the original grounds for detention were strong and reviewed on multiple occasions. (ECF Nos. 16 & 25).

. . .
. . .
. . .
. . .
. . .
. . .

**James C. Mahan**
**U.S. District Judge**

**Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's emergency motion for temporary release (ECF No. 29) be, and the same hereby is, DENIED.

DATED July 2, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -